# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-192 |
| TYRONE TAYLOR | SECTION "L" |

## ORDER AND REASONS

Before the Court is Defendant Tyrone Taylor's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. R. Doc. 50. The Government opposes. R. Doc. 54. Having considered the parties' submissions and the applicable law, the Court now issues this Order and Reasons.

## I.     BACKGROUND

On October 1, 2015, Tyrone Taylor pleaded guilty to a two-count indictment charging him with possession with intent to distribute 100 grams or more of heroin and a quantity of hydrochloride and possession of a firearm in furtherance of a drug trafficking crime. Taylor was sentenced to a term of 120 months imprisonment on January 7, 2016, and did not file an appeal in this matter. Taylor claims that before he pleaded guilty, he informed his attorney that the lead agent on his case, Special Agent Chad Scott, searched his car and home without consent, lied about the amount of drugs actually seized, and falsified reports pertaining to Taylor's arrest. According to Taylor, his lawyer ignored these concerns and coerced him into pleading guilty.

Agent Scott was indicted in September of 2017 and now faces charges of perjury, obstruction of justice, and falsifying government records. In light of the indictment, Taylor claims that he recently learned that Agent Scott was under investigation by the DEA and FBI for routinely

misusing confidential sources and disregarding DEA policies at the time of Taylor's arrest. Taylor filed the instant § 2255 motion on June 5, 2018, alleging that his lawyer rendered ineffective assistance by failing to investigate Agent Scott's background and involvement in his arrest after Taylor informed him of Agent Scott's unlawful actions.

## II.     LAW & ANALYSIS

Under § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside, or correct the sentence. The law requires that all § 2255 petitions be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>
> (4) the date on which the facts surrounding the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Where, as here, the defendant does not file a direct appeal, the conviction becomes final upon the expiration of the time period for filing a direct appeal. *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Because Taylor filed the instant motion on June 5, 2018, more than two years after his conviction became final, the motion is untimely under § 2255(f)(1).

Taylor argues, however, that his motion is timely under § 2255(f)(4), because he recently learned that Agent Scott was under investigation by the FBI and DEA at the time of his arrest.

Taylor asserts that his lawyer rendered ineffective assistance by failing to investigate Agent Scott's background and involvement after Taylor informed him of the unlawful actions taken during his arrest. According to Taylor, his lawyer made no attempt to discredit Agent Scott, even though Taylor had voiced his concerns and evidence of Agent Scott's behavior was available from the DEA and FBI.

§ 2255(f)(4)'s one-year period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "As the Supreme Court has explained, 'diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize' that he should act." *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017) (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)). As such, in determining timeliness under § 2255(f)(4), "[t]he important thing is to identify a particular time when … diligence is in order." *Id.*

Taylor's motion is untimely under § 2255(f)(4). Agent Scott's alleged unlawful actions during Taylor's arrest form the basis of his motion – and Taylor claims to have informed his lawyer of those actions prior to pleading guilty. The facts supporting his claim were therefore available to Taylor before he learned of the investigation into Agent Scott and even before his conviction became final.

A § 2255 motion is subject to equitable tolling upon a federal prisoner's showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' of timely filing.'" *United States v. Petty*, 530 F.3d 361, 364-65 (5th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). As discussed above, Taylor cannot establish that he has pursued his right diligently, and he has not shown that extraordinary circumstances prevented him from filing his motion to vacate earlier.

### III.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Vacate under 28 U.S.C. § 2255, R. Doc. 50, is **DENIED**.

New Orleans, Louisiana, this 30th day of July, 2018.

_____
UNITED STATES DISTRICT JUDGE